(71 Misc. Rep. 239.)

ACKLEY v. IRWIN et al.

Supreme Court, Trial Term, Kings County. March, 1911.)

1. RELIGIOUS SOCIETIES (§ 27*)—RECTOR—MEMBERSHIP OF CORPORATION.
   Under Religious Corporations Law (Consol. Laws 1909, c. 51) § 41, providing that the rector, where there is one, shall be a member of the vestry, the rector of a Protestant Episcopal church, elected by the vestrymen under the authority of section 42, is a member of the body corporate, and cannot be removed by a vote of the vestry, nor can the vestry exclude him from the church edifice.
   [Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 180-193; Dec. Dig. § 27.*]

2. RELIGIOUS SOCIETIES (§ 27*)—JUDICIAL SUPERVISION—REMEDY IN ECCLESIASTICAL COURTS.
   A rector wrongfully excluded by the vestry from the church edifice need not apply to the ecclesiastical courts before resorting to the civil courts for relief.
   [Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 27.*]

Action by William N. Ackley against Major Irwin and others for an injunction. Judgment for plaintiff.

See, also, 69 Misc. Rep. 56, 125 N. Y. Supp. 672.

William H. Ford, for plaintiff.

Francis C. Koehler (Darwin J. Meserole, of counsel), for defendants.

MAREAN, J. [1] The legal title of the church edifice is in the vestry of the church. They hold it to religious uses—a vague charitable use. None of the vestry has any beneficial interest in it beyond what all those who are permitted to join in the various religious observances therein have. It is simply managed by the vestry for the furtherance of religion in the community. That management is sub-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ject absolutely to control and direction by the state. The law of the state prescribes the management in many particulars, and in others recognizes the canons of the denomination, and where there is neither law nor canon leaves it to the wisdom and discretion of the vestry itself. Section 41 of the religious corporations law (Consol. Laws 1909, c. 51) constitutes the vestry of a body corporate, and provides that the rector, where there is one, shall be a member of the vestry —of the body corporate—the others being elected by the voting body of the membership. If there be no rector the elected vestrymen, acting by authority of section 42, elect a rector, and he, being so elected and having accepted the position, becomes a member of the vestry, one of the trustees of the church property on an absolute level with the others. While in electing a rector the vestry may fix his salary, the relation entered into with him is not merely, perhaps not at all, contractual. Above and beyond any contractual relation he becomes an integral member of the vestry—of the body corporate—and can no more be removed from that office than any other vestryman by a vote of the vestry. His membership, unlike that of other vestrymen, is not for a term of years, but until removed by death or pursuant to the canons (since the statute is silent on that subject). He may probably resign if he wishes, but he cannot be forced out except by the canonical procedure. It is not pretended that he has been so removed. On the contrary, it has been determined and adjudged by a duly constituted ecclesiastical court, proceeding in strict obedience to the canons, that the plaintiff is still the rector and that his exclusion from the church edifice is illegal. It is true that the proceeding was had and the judgment pronounced after the commencement of this action, and I refer to it not as res adjudicata, but only as in line with my own conclusion.

As the plaintiff is still the rector and still a member of the vestry, and as it is provided by the canons that "for the purposes of his office the rector shall at all times be entitled to the use and control of the church and parish buildings," it follows that his exclusion is wrongful. He is one of the trustees of valuable property, charged with its administration for religious uses, and with peculiar duties which involve his freedom to enter the church edifice and there perform such duties. He has the same right to maintain the action which a bank president has who has been excluded from the bank.

[2] I do not agree that he must first seek relief from the ecclesiastical courts, which have no power to enforce their decrees. When it comes to the exclusion of a plaintiff from his certain rights, no matter what its origin, to the free use of tangible, valuable property, either for himself or for the benefit of others, the civil courts are open to him.

Judgment for plaintiff, with costs.